(No. 79-CV-0319— )

*In re* APPLICATION OF ERICA DARMSTATTER.

*Order filed February 8, 1980.*

ERICA DARMSTATTER, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on April 7, 1978, in Murphysboro, Illinois. Erica Darmstatter, victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Erica Darmstatter, age 19, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: Battery. Ill. Rev. Stat. 1977, ch. 38, par. 12—3.

2. That on April 7, 1978, Claimant's boyfriend hit her in the face breaking her jaw as they were preparing to go to a party. The incident occurred at his residence. The boyfriend then made a deal with Claimant that he would pay the bills if she did not report him to police. Claimant informed police of the attack on June 14, 1979, more than 1 year later, but would not press charges.

3. That the Act requires that one who claims to be an innocent victim of a crime must cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant.

4. That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension and prosecution of the known assailant in that she failed to press charges.

5. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that the claim of Erica Darmstatter be, and is, hereby denied.